IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES B. SANDERS, | § | |
| | § | No. 403, 2023 |
| Plaintiff Below, Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CENTURION L.L.C., | § | C.A. No. N22C-06-065 |
| | § | |
| Defendant Below, Appellee. | § | |

Submitted: April 5, 2024
Decided: May 9, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Charles B. Sanders, appeals from the Superior Court's October 24, 2023 order dismissing Sanders's complaint against appellee Centurion of Delaware, LLC ("Centurion").[1]  For the reasons discussed below, we affirm the Superior Court's judgment.

(2)     On June 13, 2022, Sanders filed a complaint in the Superior Court against Centurion and two of its employees.  The complaint alleged that the defendants committed medical malpractice by changing a prostate medication that

---

[1] Although Sanders identified the defendant-appellee as "Centurion, L.L.C.," the appellee states that the entity's correct legal name is "Centurion of Delaware, LLC."

Sanders was prescribed, causing Sanders prostate issues that required multiple catheterizations, some of which were performed incorrectly; infection; emergency treatment; hospitalization; and surgery.

(3)    Centurion moved to dismiss the complaint.  Among other grounds for dismissal, Centurion argued that the complaint should be dismissed because Sanders did not file an affidavit of merit as required by 18 *Del. C.* § 6853.  Sanders argued that an affidavit of merit was not required because he filed a motion to convene a medical negligence review panel.[2]  Following oral argument on the motion to dismiss in June 2023, the court directed supplemental briefing as to whether, under the Superior Court's 2010 decision in *Miller v. Taylor*,[3] an affidavit of merit was required if the plaintiff in a medical-negligence action filed a motion to convene a medical negligence review panel.

(4)    In its supplemental brief, Centurion argued, relying on this Court's decision in *Steedley v. Surdo-Galef*,[4] that a plaintiff's request to convene a medical

---

[2] *See* 18 *Del. C.* §§ 6802-14 (establishing procedures for convening a medical negligence review panel—upon request of a party to a civil action alleging medical negligence, made at any time after the filing of an answer or a motion filed in lieu of an answer—to make findings as to whether the evidence supports the conclusion that the defendant or defendants acted within the applicable standard of care).

[3] *See Miller v. Taylor*, 2010 WL 3386580, at *2 (Del. Super. Ct. Aug. 19, 2010) (concluding that "where a timely demand to convene a medical malpractice review panel has been filed, as is the case here, no affidavit of merit is required under Section 6853").

[4] *See Steedley v. Surdo-Galef*, 2013 WL 1228019, at *1 (Del. Mar. 26, 2013) ("It is undisputed that Steedley failed to file an affidavit of merit as to either defendant. . . . His contention that the affidavit of merit is not necessary when a plaintiff requests review of the complaint, pursuant to Delaware Superior Court Civil [Rule] 71.2, by a medical malpractice review panel has no basis in law and is contradicted by the clear terms of 18 *Del. C.* § 6853.").

2

negligence review panel does not obviate the requirement that an affidavit of merit accompany a medical-negligence complaint. Sanders voluntarily dismissed his claims against Centurion's two employees and, relying on *Buck v. Nanticoke Memorial Hospital, Inc.*,[5] argued that because his claim was that Centurion was vicariously liable for its employees' negligence, an affidavit of merit was not required. He also argued that an affidavit of merit is not required when a plaintiff asserts a claim against a hospital for negligent health care administration, hiring, or oversight, citing *Saddler v. Nanticoke Memorial Hospital*.[6]

(5) After a second oral argument on October 24, 2023, the Superior Court dismissed the complaint. First, the court held that, although Sanders could pursue a claim asserting that Centurion was vicariously liable for its employees' medical negligence without pursuing claims against the employees directly, such a claim could not proceed in the absence of an affidavit of merit concerning the employees' medical negligence.[7] Second, the court agreed with Sanders that, under *Saddler*, a negligent administration claim may proceed without an affidavit of merit. But the

---

[5] 2015 WL 2400537 (Del. Super. Ct. May 19, 2015).

[6] 2012 WL 6846550 (Del. Super. Ct. Dec. 24, 2012).

[7] *Sanders v. Centurion L.L.C.*, C.A. No. N22C-06-065, Hearing Transcript, at 21:6-11 (Del. Super. Ct. Oct. 24, 2023) ("You cannot have a finding of liability of the[] employer without an underlying finding that there was medical malpractice. And in order to support a medical malpractice claim, your complaint . . . must be accompanied with the affidavit of merit.").

court concluded that the complaint did not state a claim for negligent administration, even when read under a notice-pleading standard.[8]

(6) After *de novo* review,[9] we affirm. Title 18, Section 6853 of the Delaware Code requires that a complaint "alleging medical negligence be accompanied by an affidavit of merit, signed by a qualified expert witness and stating that there are reasonable grounds to believe that each defendant has committed medical negligence."[10] The statute requires that, before a medical-negligence lawsuit may proceed, a qualified medical professional has reviewed the plaintiff's claim and determined that there are reasonable grounds to believe that the defendant health care provider breached the applicable standard of care that caused the injuries claimed in the complaint.[11]

(7) Citing *Buck*, Sanders argues that when a plaintiff alleges that a defendant is vicariously liable for its employee's medical negligence, an affidavit of merit is not required. In *Buck*, the plaintiff claimed that a hospital was vicariously

---

[8] *Id.* at 21:12-22:3, 18:19-20:6.
[9] *Dishmon v. Fucci*, 32 A.3d 338, 341-42 (Del. 2011).
[10] *Dambro v. Meyer*, 974 A.2d 121, 132-33 (Del. 2009). *See* 18 *Del. C.* § 6853(a)(1) ("No health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by . . . [a]n affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant. . . ."). The statute sets forth certain limited exceptions that are not applicable to the facts alleged in this case. *See id.* § 6853(b), (e) (providing that an affidavit of merit is not required if the complaint alleges that a foreign object was left in a patient's body after surgery, a surgical procedure was performed on the wrong patient or on the wrong part of a patient's body, or an explosion or fire originated in a substance used in treatment).
[11] *Dishmon*, 32 A.3d at 344.

4

liable for medical negligence committed by its employee. After determining that the plaintiff had submitted an affidavit of merit that complied with Section 6853 as to the employee, the Superior Court held that, "[i]n recognition of the derivative nature of the potential liability imposed pursuant to a *respondeat superior* claim," the affidavit of merit as to the negligence of the employee "is sufficient to sustain a claim at the outset against both an employee health care provider and the alleged employer of that provider."[12] Unlike in *Buck*, however, Sanders did not provide an affidavit of merit stating that there were reasonable grounds to believe that Centurion's employees breached the applicable standard of care. The Superior Court therefore correctly dismissed Sanders's medical-negligence claim.[13]

(8) Sanders also argues that his supplemental submissions following the June 2023 hearing put Centurion on notice that he was asserting a claim for negligent hospital administration and that, under *Saddler*,[14] no affidavit of merit is required for such a claim. After careful consideration, we conclude that the Superior Court correctly determined—and Sanders effectively concedes—that Sanders's complaint

---

[12] *Buck*, 2015 WL 2400537, at *3.

[13] *See, e.g.*, *Steedley v. Surdo-Galef*, 2013 WL 1228019, at *1 (Del. Mar. 26, 2013) (affirming dismissal of medical-negligence complaint against doctor and doctor's employer because the plaintiff "failed to file an affidavit of merit as to either defendant").

[14] *See Saddler v. Nanticoke Mem. Hosp.*, 2012 WL 6846550, at *5 (Del. Super. Ct. Dec. 24, 2012) (concluding that an affidavit of merit "is not required when a plaintiff asserts related claims against a hospital for negligence in hospital administration, because claims for negligent administration, hiring, and oversight are not healthcare medical negligence claims, but rather are ordinary negligence claims").

did not state a negligent-administration claim. Although the Superior Court Rules of Civil Procedure permit a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served,"[15] a party "may not amend the pleadings through briefing on a motion to dismiss."[16] Sanders did not file an amended complaint, and the Superior Court did not err by dismissing the complaint on the basis that it stated only a medical-negligence cause of action without a supporting affidavit of merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[15] DEL. SUPER. CT. R. CIV. PROC. 15(a).

[16] *Reylek v. Albence*, 2023 WL 142522, at *2 (Del. Super. Ct. Jan. 10, 2023) (internal quotation omitted).